UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LOPEZ PEREZ,<br><br>                      Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                      Respondents. | Case No.: 25-CV-3590 JLS (KSC)<br><br>**ORDER DISMISSING HABEAS PETITION AS MOOT**<br><br>(ECF No. 1) |

      Presently before the Court is Petitioner Miguel Lopez Perez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Christopher LaRose's (Senior Warden of Otay Mesa Detention Center), Pamela Bondi's (Attorney General of the United States), Kristi Noem's (Secretary of the U.S. Department of Homeland Security), and Patrick Divver's (ICE San Diego Field Office Director) (collectively, "Respondents") Return in Opposition to the Habeas Petition ("Ret.," ECF No. 4), and Petitioner's Traverse ("Traverse," ECF No. 5). *See generally* Docket. Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since October 10, 2025, when he was arrested

1 leaving a Home Depot.  Pet. at 5.  Petitioner claims that he is detained by ICE in violation
2 of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment.  *Id.* at 5–6.

3       Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista
4 v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D.
5 Cal. Nov. 25, 2025).  Ret. at 1.  On December 22, 2025, Petitioner was given a bond hearing
6 and granted release from custody under bond of $3,500.00.  Traverse at 3.  The Parties
7 agree that the Petition is now moot as the relief requested has been granted.  Ret at 2;
8 Traverse at 2.  Therefore, the Petition (ECF No. 1) is **DENIED AS MOOT**.

9       Petitioner's counsel still requests costs and attorney's fees in this action pursuant to
10 the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412.  Traverse at 2.  The EAJA provides in
11 part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

21 28 U.S.C. § 2412(d)(1)(B).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  The Court will consider an application requesting reasonable fees and costs under
2  the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed
3  to submit an attorney fee application and corresponding billing records within <u>thirty (30)</u>
4  <u>days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen</u>
5  <u>(14) days</u> of Petitioner's attorney fee application.

6  **IT IS SO ORDERED.**

7  Dated: December 22, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge